The order appealed from, therefore, is reversed, with $10 costs and disbursements against the respondent Sheridan, and the proceeding instituted upon his petition dismissed, with costs in the court below. All concur.

---

(92 App. Div. 379.)

## In re FLYNN.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ADMINISTRATOR—APPOINTMENT—JURISDICTION—PRESENCE OF ASSETS.

The claim of an administrator, resident in Rhode Island, against the estate which he was administering in New York, the validity of which is in process of determination at the time of his death, constitutes assets, giving the Surrogate's Court jurisdiction to appoint an administrator of his estate.

Appeal from Surrogate's Court, New York County.

Proceedings for the appointment of an administrator of the estate of John Flynn, deceased. From an order appointing the public administrator, the next of kin appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Carlisle Norwood, for appellants.
George H. Starr, for respondent.

McLAUGHLIN, J. This appeal is from an order appointing the public administrator of the county of New York administrator of the estate of John Flynn, deceased. The facts, with few exceptions, are similar to the facts involved in the appeal in the Matter of Ferrigan (decided herewith) 87 N. Y. Supp. 16, and for that reason it is unnecessary to state them at length. Flynn, at the time of his death, was a resident of Providence, R. I. He died on the 7th of July, 1902, and there was then pending and undetermined, in the Surrogate's Court of the county of New York, a proceeding for an accounting by him as administrator of the estate of one Rose Ferrigan, deceased. He had in his possession, as such administrator, belonging to the Ferrigan estate, property of the value of $9,000 or upwards, against which he had made a claim of upwards of $6,000. At the death of Mrs. Ferrigan her only next of kin was a sister, a Mrs. Kehun, a nonresident alien, who resided at Dundalk, Ireland, and who died in 1902. Shortly before her death she assigned all her interest in the Ferrigan estate to A. Nicholas

Sheridan, a nonresident alien, who also resided in Dundalk, Ireland. Upon the death of Flynn, Sheridan, through an attorney of this court, filed a petition in the Surrogate's Court, in which he asked that letters of administration be issued upon Flynn's estate to the public administrator. The application, although opposed by the next of kin of Flynn, was granted, and the public administrator appointed, "unless some one or more of the next of kin" of Flynn should apply for letters of administration upon that estate and qualify as such within 10 days after the service of a copy upon them of the order appealed from, and they have appealed.

The order appealed from must be reversed, and for the reasons stated in the opinion delivered in the Matter of Ferrigan, above cited. Sheridan, being a nonresident alien, could not obtain letters himself, nor was the surrogate authorized to entertain a petition for letters, whether the same was presented by him or another acting in his behalf.

In addition to the foregoing, it is also urged that the surrogate did not have jurisdiction to issue letters, inasmuch as there was no property belonging to Flynn in the state of New York. We are, however, of the opinion that the claim made by Flynn against the Ferrigan estate, the validity of which was being determined in the Surrogate's Court at the time of his death, was sufficient to give the court jurisdiction, and, upon a proper application, letters could be issued. The public administrator is absolutely or contingently entitled to letters (section 2662, Code Civ. Proc.), and upon a petition duly filed by him, unless the next of kin see fit to make the application, letters can be issued to him.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements against the respondent, Sheridan, and the proceeding instituted upon his petition dismissed, with costs in the court below. All concur.